UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:20-cr-134-SPC-NPM

DESTINY MOLINA

## **ORDER**

Before the Court are the United States' Preliminary Motion for Reduction of Sentence (Doc. 349) and Motion for Reduced Sentence based on Substantial Assistance (Doc. 353), along with Defendant Destiny Molina's response (Doc. 354). For the below reasons, the Court grants the Government's motions.

In June 2022, the Court sentenced Defendant to forty-eight months' imprisonment for her role in a multi-defendant drug conspiracy involving fentanyl and crack cocaine. In fashioning her sentence, the Court both departed under § 5K1.1 for her substantial assistance against co-conspirators and varied downward. (Doc. 327). Reasons for varying included her young age, no criminal history, remorse for her involvement in the conspiracy, dependent minor child, need for education and other training, and cooperation with the Government. (Doc. 327 at 3).

Within a year of her sentence, the Court moved preliminarily to reduce her sentence under Federal Rule of Criminal Procedure 35 for her cooperation

in another matter – a case against Marvin Harris and Latrel Jackson in their murder-for-hire case. (Doc. 349). Since then, Harris and Jackson have both pleaded guilty and been sentenced. So the Government now asks the Court to reduce Defendant's sentence to thirty-six months.[1] (Doc. 353). Although Defendant concurs with a reduction, she requests a larger one. (Doc. 354). She wants her sentence to be reduced to twenty-four months because (1) she flipped on Harris, her former boyfriend and father of her child; (2) travelling to testify has delayed her participation in prison programs; and (3) her working, elderly mother is raising her six-year-old daughter alone. (Doc. 354).

Under Rule 35, a district court may reduce a sentence, upon the government's motion, if the defendant has provided substantial assistance. Fed. R. Crim. P. 35(b); *see also United States v. Mora*, 703 F. App'x 836, 843 (11th Cir. 2017) (stating a court may reduce a sentence "only to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person" (quotation marks omitted)). The reduction may occur more than one year after sentencing if the defendant's substantial assistance involved "information provided by the defendant to the government within one year of sentencing, but which did not become useful to the

---

[1] To be clear, the Court granted Defendant a § 5K1.1 departure at sentencing for her assistance against Harris and other co-conspirators in the drug conspiracy case. So the Government's pending Rule 35 motion requests another reduction for her unrewarded assistance in the murder-for-hire case. *Compare United States v. Marvin Harris*, No. 2:20-cr-134, *with United States v. Marvin Harris*, No. 2:22-cr-67.

government until more than one year after sentencing." Fed. R. Crim. P. 35(b)(2). The court has discretion to grant or deny a motion to reduce a sentence. *See United States v. Manella*, 86 F.3d 201, 205 (11th Cir. 1996).

After considering the applicable law against the record, the Court exercises its discretion to grant the United States' motion. The Government represents that Defendant identified "those involved in the [murder-for-hire] plot, their motives for participating, and the manner of its execution" and planned to testify against them at trial. (Doc. 353 at 1). The Government also believes that her cooperation pushed Harris and Jackson to plead guilty to the charges. The Court thus finds that a sentence of thirty-six months is sufficient, but not greater than necessary, to comply with the purposes of sentencing. But any further reduction would neither reflect the seriousness of Defendant's involved role in her drug conspiracy nor promote respect for the law. And it would not afford adequate deterrence to criminal conduct and protect the public from her committing more crimes.

Accordingly, it is

**ORDERED:**

(1) The United States's Preliminary Motion for Reduction of Sentence (Doc. 349) and Motion for Reduced Sentence based on Substantial Assistance (Doc. 353) are **GRANTED**.

(2) The Clerk is **DIRECTED** to enter a modified judgment reducing the sentence imposed to **thirty-six (36) months of imprisonment**. All other parts of Defendant Destiny Molina's sentence remain as originally imposed.

**DONE AND ORDERED** in Fort Myers, Florida on November 21, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

4