UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

v.

**DESTINY MOLINA**

Case Number: 2:20-cr-134-SPC-MRM

USM Number: 22942-509

Sean C. O'Halloran, Retained
2257 Cleveland Ave
Fort Myers, FL 33901

**AMENDED[1]**
**JUDGMENT IN A CRIMINAL CASE**

Defendant pleaded guilty to Count One of the Indictment. Defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B) | Conspiracy to Distribute and Possess with Intent to Distribute 28 Grams or More of Cocaine Base, 40 Grams or More of Fentanyl, and Cocaine | October 15, 2020 | One |

Defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count 5 is dismissed on the motion of the United States, as per the Plea Agreement.

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

June 7, 2022

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

November 21, 2023

»

---

[1] **Amended only to reflect new term of imprisonment as directed in the court's November 21, 2023 order (Doc. 355).**

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Destiny Molina**
**2:20-cr-134-SPC-MRM**

# IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **36-MONTHS**.

**The Court makes the following recommendations to the Bureau of Prisons:**

1. Incarceration in a facility close to home (Lee County, Florida).

2. Participation in GED program to complete GED certificate.

3. Participation in any and all educational programs, to include vocational training.

Defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

**Destiny Molina**
**2:20-cr-134-SPC-MRM**

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **3-YEARS**.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. Defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.
5. Defendant shall cooperate in the collection of DNA, as directed by the probation officer.
   .

The defendant shall comply with the standard conditions that have been adopted by this court as well as any other conditions on the attached page.

**Destiny Molina**
**2:20-cr-134-SPC-MRM**

## STANDARD CONDITIONS OF SUPERVISION

As part of Defendant's supervised release, Defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for Defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in Defendant's conduct and condition.

1. Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of Defendant's release from imprisonment, unless the probation officer instructs Defendant to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed.
3. Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission from the court or the probation officer.
4. Defendant must answer truthfully the questions asked by Defendant's probation officer
5. Defendant must live at a place approved by the probation officer. If Defendant plans to change where Defendant lives or anything about Defendant's living arrangements (such as the people Defendant lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. Defendant must allow the probation officer to visit Defendant at any time at Defendant's home or elsewhere, and Defendant must permit the probation officer to take any items prohibited by the conditions of Defendant's supervision that the probation officer observes in plain view.
7. Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where Defendant works or anything about Defendant's work (such as Defendant's position or Defendant's job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. Defendant must not communicate or interact with anyone Defendant knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours.
10. Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. Defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that Defendant poses a risk to another person (including an organization), the probation officer may require Defendant to notify the person about the risk and Defendant must comply with that instruction. The probation officer may contact the person and confirm that Defendant has notified the person about the risk.
13. Defendant must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Destiny Molina**
**2:20-cr-134-SPC-MRM**

# ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall submit to a search of Defendant's person, residence, place of business, any storage units under Defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release.  Failure to submit to a search may be grounds for revocation.  Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

2. Defendant is directed to submit to random drug testing not to exceed 104 tests per year.

**Destiny Molina**
**2:20-cr-134-SPC-MRM**

## CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | AVAA Assessment[2] | JVTA Assessment[3] | Fine | Restitution |
|---|---|---|---|---|---|
| TOTALS | $100.00 | $0.00 | $0.00 | WAIVED | $0.00 |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Indictment (Doc. 10), Plea Agreement (Doc.134) and Orders of Forfeiture (Docs. 159, 317), that are subject to forfeiture. Specifically described as follows:

1. A 2015 Mercedes-Benz C Class C300 sedan, VIN: 55SWF4JB0FU096334;

2. Approximately $53,944.00 in U.S. currency seized from within the residence at 8622 Gaillard Avenue;

3. Approximately $4,273.52 in U.S. currency seized from within the residence at 566 New York Drive;

4. A Smith & Wesson, Model M&P, .40 caliber pistol, serial number JEN8291, with magazine, and 62 rounds of .40 caliber ammunition seized from within the residence at 8622 Gaillard Avenue; and

5. A Glock, Model 22 Gen 4, .40 caliber pistol, serial number RHD180, with magazine, and 16 rounds of .40 caliber ammunition seized from within the residence at 566 New York Drive

---

[2] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[3] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

AO 245B (Rev. 09/19) Judgment in a Criminal Case