UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.                                            Case No.:    2:20-cr-134-SPC-NPM

DESTINY MOLINA

_____

## ORDER

Before the Court is Defendant Destiny Molina's pro se Motion for Early Termination of Supervised Release.  (Doc. 362).  Although probation concurs with the request, the Government opposes it.  (Doc. 363).  For the following reasons, the Court denies the motion.

In June 2022, the Court sentenced Defendant to 48 months' imprisonment and three years of supervised release for drug charges.  (Doc. 325).  In doing so, the Court granted a Motion for Substantial Assistance and additionally varied from the guidelines.  Later the Government moved for a further reduction of the sentence based on Defendant's substantial assistance, and the Court reduced the sentence to 36 months' imprisonment and three years of supervised release in November 2023.  (Doc. 355).

Defendant began her three-year term of supervised release in June 2024 and has thus served less than 15 months.  (Doc. 363 at 4).  She has not had any violations, has maintained full compliance, and has not been arrested or

charged with additional crimes.  (Doc. 362 at 1).  She has been employed at Coolair Inc. for approximately one and a half years and has been promoted during her tenure.  Furthermore, she states that she has paid all required fines and fees and has cooperated with the Probation Office.  According to the Government, her Probation Officer does not oppose her request.  (Doc. 363 at 4).

After considering the factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]"  18 U.S.C. § 3583(e)(1).  The relevant § 3553(a) factors are (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution.

After considering the law against the record, the Court will not end early Defendant's supervised release for two reasons.  First, she committed serious drug offenses that involved transporting bulk drugs from her residence to her

boyfriend's dealers. She also transported tens of thousands of dollars in cash from the dealers to the residence she shared with her co-defendant. Thus, the nature and circumstances of her offense militate against early termination of supervised release.

Second, the main reason for Defendant's request for termination is that she has complied with the conditions of supervised release. But such compliance is expected, not exceptional. The burden of supervised release is relatively low, especially when compared to the benefit of deterring Defendant from committing a crime. While the Court commends Defendant's good behavior, it does not merit the unusual reprieve of termination of supervised release at this early date. The seriousness of Defendant's offense and the need for deterrence justify her continued supervision. The Court thus finds that keeping Defendant on supervised release is in the best interests of justice, Defendant, and the public.

Accordingly, it is **ORDERED**:

Defendant Destiny Molina's pro se Motion for Early Termination of Supervised Release (Doc. 362) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 22, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3